**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELMER SAFLOR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>K-DIMENSIONAL HOLDINGS INC., doing business as "COAST," a Delaware corporation; K-DIMENSIONAL SERVICES, LLC, a Delaware limited liability corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 1:26-cv-9429<br><br>**COMPLAINT FOR**:<br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. VIOLATION OF DMCA 17 U.S.C. § 1202<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Elmer Saflor ("Saflor"), by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff Saflor is an individual presently residing in the Philippines.

5. On information and belief, Saflor alleges that K-Dimensional Holdings Inc. doing business as "Coast" ("Coast") is a Delaware corporation doing business in and with this District, including through its principal place of business at 131 Spring Street, Floor 6, New York, New York 10012.

6. On information and belief, Saflor alleges that K-Dimensional Services, LLC ("K-Dimensional Services") is a Delaware limited liability company doing business in and with this District, including through its principal place of business at 131 Spring Street, Floor 6, New York, New York 10012. K-Dimensional Services is an affiliate entity of Coast.

7. On information and belief, Saflor alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Saflor's copyrights, have contributed to the infringement of Saflor's copyrights, or have engaged in one or more of the

wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Saflor, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. On information and belief, Saflor alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Saflor's rights and the damages to Saflor proximately caused thereby.

**CLAIMS RELATED TO THE SUBJECT ARTWORK**

9. Saflor is an artist and digital creator who authors original artwork including comics and cartoons. Saflor shares his artwork across social media, including without limitation on his Facebook *Superelmer*, Instagram *@superelmerds*, and X *@superelmerds* profiles, to over 1.2 million aggregated followers.

10. Coast is a financial technology company that offers fuel cards, corporate cards, expense management, and bill-payment tools to businesses through its website at coastpay.com and related online platforms.

11. K-Dimensional Services is an affiliate entity of Coast that offers certain services in connection with Coast's fuel card, corporate card, and expense management products.

12. As part of its marketing efforts, Coast regularly creates, publishes, and disseminates promotional content through social media platforms, including, without limitation, LinkedIn, to advertise its product, engage customers, and promote its brand.

13. Saflor created the original artwork depicted below (the “Subject Artwork”) and is the sole owner of the copyrights, title, and interest in the Subject Artwork:

| **Subject Artwork** |
| --- |
|  |

14. Saflor has registered the Subject Artwork with the United States Copyright Office. The Subject Artwork is the subject of U.S. Copyright Registration No. VA 2-397-201, with an effective registration date of March 21, 2024.

15. Defendants, and each of them, used the Subject Artwork for commercial purposes including, without limitation, by incorporating the Subject Artwork as key art in Defendants' advertising and marketing campaigns, which were distributed online, including without limitation on the website *linkedin.com*, which is owned and operated by LinkedIn Corporation (the "Infringing Uses"). True and correct screen captures of the Infringing Uses, together with their corresponding URLs, are depicted below:

///

///

///

**Infringing Uses**

URL: https://www.linkedin.com/ad-library/detail/751136174



URL: https://www.linkedin.com/ad-library/detail/758273794




16. Defendants, and each of them, paid to promote, distribute, and display the advertising campaign that incorporated the Infringing uses.

17. At no point did Coast ever obtain authorization, consent, or a license from Saflor to exploit or use in any way the Subject Artwork.

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement - Against All Defendants, and Each)**

18. Saflor repeats, re-alleges, and incorporates herein by reference as though fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

19. Saflor alleges on information and belief that Defendants, and each of them, accessed the Subject Artwork by, without limitation, viewing the Subject Artwork on Saflor's social media profiles, on other sites online, or through Saflor's numerous online profiles. Access is further evidenced by the Subject Artwork's exact reproduction in the Infringing Uses.

20. On information and belief, Saflor alleges that Defendants, and each of them, infringed Saflor's copyrights in the Subject Artwork by, without limitation, copying, reproducing, publishing, and displaying the Subject Artwork in the Infringing Uses for commercial benefit to the public as set forth above, without Saflor's authorization or consent.

21. On information and belief, Saflor alleges that Defendants, and each of them, infringed Saflor's copyrights by creating infringing derivative works from the Subject Artwork and publishing same to the public.

22. Due to Defendants', and each of their, acts of infringement, Saflor has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Saflor's rights in the Subject Artwork. As such, Saflor is entitled to disgorgement of Defendants' profits directly and indirectly attributable

to Defendants' infringement of his rights in the Subject Artwork in an amount to be established at trial.

24. On information and belief, Saflor alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**SECOND CLAIM FOR RELIEF**

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

25. Saflor repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. On information and belief, Saflor alleges that Defendants knowingly induced, participated in, aided and abetted, and profited from the illegal reproduction and distribution of the Subject Artwork as alleged hereinabove. Such conduct included, without limitation, publishing and displaying works that Defendants knew, or should have known, were not authorized to be published by Defendants; publishing the Infringing Uses on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third parties for further publication.

27. On information and belief, Saflor alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, had the ability to oversee the development,

publication, and distribution of the infringing imagery at issue. Defendants, and each of them, also realized profits through their acquisition, distribution, and publication of the Infringing Uses.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Saflor has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Saflor's rights in the Subject Artwork. As such, Saflor is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Artwork, in an amount to be established at trial.

30. On information and belief, Saflor alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

**(For Violations of 17 U.S.C. §1202 – Against all Defendants, and Each)**

31. Saflor repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. Saflor's artwork was routinely published with copyright management information ("CMI"), as that phrase is used in 17 U.S.C. § 1202. Saflor's CMI included, without limitation, his name, metadata, and other indicia of authorship and attribution information.

33. On information and belief, Saflor alleges that Defendants, and each of them, intentionally removed Saflor's CMI in violation of 17 U.S.C. § 1202(b) before copying, reproducing, distributing, and displaying the Subject Artwork on Defendants' profiles.

34. On information and belief, Saflor alleges that Defendants, and each of them, did distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of Saflor or the law, knowing, or, with respect to civil remedies under 17 U.S.C. § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

35. On information and belief, Saflor alleges that Defendants, and each of them, in violation of 17 U.S.C. § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own branding, logos, promotional text, and attribution to the Subject Artwork within the Infringing Uses.

36. On information and belief, Saflor alleges that Defendants, and each of them, knew that they were providing false copyright management information to their copies of the Subject Artwork and distributing copyright management information that was false at the time they distributed their unauthorized copies of the Subject Artwork.

37. Due to Defendants' acts of infringement, as alleged herein, Saflor has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, and Each and With Respect To Each Claim For Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Saflor's copyrights in his artwork, including without limitation the Subject Artwork, including through, without limitation, an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, Saflor's artwork, including without limitation the Subject Artwork, from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Saflor be awarded all profits of Defendants, and each of them, plus all losses of Saflor, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 504, and other applicable law;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Saflor's intellectual property rights;

d. That Saflor be awarded his costs and attorneys' fees to the extent they are available under the Copyright Act, 17 U.S.C. § 101 et seq.;

e. That Saflor be awarded his costs and fees under the statutes set forth above;

f. That Saflor be awarded statutory damages and/or penalties under the statutes set forth above, to the extent they are available;

g. That Saflor be awarded pre-judgment interest as allowed by law;

h. That Saflor be awarded the costs of this action; and

i. That Saflor be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: October 28, 2026

By: ______________________________

Scott Alan Burroughs, Esq.
David Michael Stuart Jenkins, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
*Attorneys for Plaintiff*